UNITED STATES of America, Plaintiff,

v.

SOUTHERN EXPRESS, INC., Defendant.

No. 77–140Cr(B).

United States District Court,
E. D. Missouri, E. D.

Dec. 20, 1977.

Mark A. Helfers, St. Louis, Mo., for plaintiff.

W. Sam Drusch, Jr., Cape Girardeau, Mo., for defendant.

## ORDER

REGAN, District Judge.

This matter is before the Court on motion of defendant for a new trial.

Upon trial to a jury, defendant has been found guilty on all 20 counts of an information, each count charging a violation of Section 322(a), Title 49, United States Code and Section 395.3(a), Title 49, Code of Federal Regulations.

Charles S. Drummond, a Motor Carrier Safety Inspector employed by the Department of Transportation, testified for the prosecution. In the course of his testimony, Mr. Drummond stated that the accident ratio of defendant had increased from .09 to 2.0 in 1975 which he said was high for the industry in general. It now appears that the computation of the "high" accident ratio was based on two allegedly "reportable" accidents. Under the applicable regulations, a "reportable" accident is one in which the total damage aggregates $2,000 or more, but does not include an occurrence in the course of the operation of a passenger car which is not transporting passengers for hire or certain hazardous materials.

Of the two accidents on which Mr. Drummond based his testimony, one involved a truck which struck a low hanging wire in Niagara Falls, New York. Although *demand* was made by the City of Niagara Falls for a sum in excess of $2,000, the amount was contested, and the claim was settled for less than $900. Mr. Drummond had no evidence that the actual damages were in excess of $2,000. The mere fact such amount was claimed does not mean it was based on "reliable estimates," inasmuch as Mr. Drummond did not investigate the reliability of the "estimate" on which the claim was based.

The other accident involved a passenger car which was being driven by the son of the president of the defendant (but who was not an employee of the company). The car was stopped in a line of traffic and struck from the rear. More importantly, the automobile was not transporting passengers for hire or hazardous materials. Hence, even if it be true, as Mr. Drummond claims in his affidavit in opposition to the motion for new trial, that the office manager of defendant told him that the car "was used in company business," that is a far cry from a statement that the car was being so used at the time of the accident. It appears from the affidavit of the office manager that at such time (late on a Saturday night) the automobile was being used for the driver's "personal use and enjoyment." And certainly, Mr. Drummond does not contend that he had even hearsay information that either passengers for hire or hazardous materials were transported in the car at any time.

Mr. Drummond knew or should have known that he had no factual basis for his testimony as to defendant's accident ratio. And when that erroneous testimony was coupled with the witness' further testimony that this alleged accident ratio was "high" for the industry (which it now appears is also erroneous), the damaging and prejudicial effect thereof upon the jury was obvious. In our judgment, defendant was deprived of the fair trial to which it was entitled.

Accordingly, IT IS HEREBY ORDERED that defendant's motion for a new trial be and it is hereby SUSTAINED, the verdict is hereby set aside and vacated, and defendant is hereby granted a new trial on all counts of the information.